65 F.3d 962
 314 U.S.App.D.C. 218
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
John Robert Campbell, Appellant.
 Nos. 91-3185, 91-3252.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 24, 1995.
 
 Before: WALD, GINSBURG, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's convictions be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 John Robert Campbell appeals his convictions for possessing two unregistered shotguns in violation of the National Firearms Act. Campbell first argues that the district court erred in denying his request for immunity under D.C.Code Ann. Sec. 6-2375 or for dismissal based on outrageous conduct without an evidentiary hearing. This argument is meritless. Campbell did not proffer any evidence supporting his claim that he was originally arrested for a D.C.Code violation. Moreover, assuming that Campbell was in fact arrested for such a violation, he did not satisfy the prerequisites for immunity under D.C.Code Ann. Sec. 6-2375. For example, he did not deliver the guns to a police facility or summon the police to his store, and the guns were not unloaded.
 
 
 5
 Campbell also argues that the court erred in ruling without an evidentiary hearing that his intent to comply with Sec. 6-2375 was not a defense to the crimes charged. Assuming that Campbell did not waive this argument, the court did not plainly err in so ruling without an evidentiary hearing. Although Campbell asserts that he might have been entitled to a defense based on entrapment by estoppel or public authority, he has not demonstrated any basis for those defenses in this case. The requirements and limited scope of Sec. 6-2375 are clear on the face of the statute, Campbell does not identify any other basis for the defenses in his opening brief, and the Metropolitan Police Department General Order and the newspaper articles cited in Campbell's reply brief could not reasonably have misled him about the statute. Specifically, the General Order includes several of the statutory requirements that Campbell did not satisfy and thus does not explain his noncompliance. Moreover, all but one of the newspaper articles were published after Campbell's arrest and therefore could not have influenced him. Finally, the statement in the remaining article could not have misled him concerning the statutory requirements. Campbell's convictions are therefore affirmed.